McAFEE v. SWEPSTON et al.   (No. 1209.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 31, 1917. Rehearing Denied Nov. 28, 1917.)

APPEAL AND ERROR ⟐1009(2)—REVIEW—DECREE—FINDING SUPPORTED BY EVIDENCE—CONSTRUCTIVE TRUST.

Findings of fact supported by evidence, in suit to establish a trust in a note given to one of the defendants, representing commissions earned by plaintiff and the other defendants, as taken by such defendant, with knowledge of the facts, pursuant to conspiracy with the other defendants to defeat plaintiff's interest, *held* to authorize the decree for plaintiff.

Appeal from District Court, Swisher County; R. C. Joiner, Judge.

Suit by J. E. Swepston and another against C. R. McAfee and others. Decree for plaintiffs, and the named defendant appeals. Affirmed.

A. S. Rollins and Thos. F. Turner, both of Amarillo, for appellant. Dennis Zimmermann and Culton & Taylor, all of Tulia, for appellees.

HALL, J. Appellees Swepston & Hamilton, who were real estate brokers in Swisher county, filed this suit against J. L. Cooper, U. S. Gober, Miss Frankie Gober, and C. R. McAfee, to recover an undivided one-fourth interest in certain vendor's lien notes executed by R. L. McMurtry to C. R. McAfee. The face value of the notes is alleged to be $3,-200. The amended petition also alleges that the notes were the joint property of plaintiffs and defendants; that they represented a trust fund in which plaintiffs were interested; that defendants Cooper, U. S. Gober, and McAfee had entered into a conspiracy for the purpose of defeating plaintiff's interest; that the notes represented the commissions due upon a certain real estate deal described in the petition. The appellant McAfee answered by general and special denials, and set up the fact that he had control of the land mentioned in the petition and listed it with U. S. Gober for sale at $8 per acre, net to appellant, the said Gober being permitted to add 50 cents an acre as his commissions for procuring a purchaser; that appellant had never at any time listed the land with Swepston & Hamilton, and had never promised to pay them any commissions; that the notes did not represent a trust fund, but that McAfee, at the request of Gober, without notice of any claim on the part of Swepston & Hamilton, transferred U. S. Gober's part of the commission arising from the deal to Miss Frankie Gober, and that he paid J. L. Cooper a valuable consideration for the remainder of said commissions. A trial before the court without a jury resulted in a judgment decreeing that Swepston & Hamilton recover to the extent of $400, being their interest in one of the notes, that sum being a one-eighth interest in the entire amount represented by said notes, and that one of said notes be deposited in the registry of the court.

Appellant contends, under several assignments, that because there was no contractual relations between appellant and appellees Swepston & Hamilton, the judgment against him is erroneous. No personal judgment was rendered against appellant. The extent of the court's decree is that appellee should have and recover to the amount of $400 in one of the notes which appellant held and which evidenced the entire commissions due. Among other facts, the court found that McMurtry executed three notes instead of two, as originally agreed upon, and that if he had executed only two notes for $1,600 each, one of them would have been the property of appellant and that the other should have been divided—one half to U. S. Gober and the other half equally between plaintiffs and J. L. Cooper, and that $400 was a reasonable value for the services rendered by plaintiffs in consummating the sale, and that such services had been accepted by Gober, McAfee, and Cooper; that Gober, McAfee, and Cooper all knew that plaintiffs were negotiating and endeavoring to induce McMurtry to purchase the land and accept their services; that prior to the time the deal was consummated, and prior to the time when Cooper sold his interest in said notes to McAfee, the latter had been informed by McMurtry that there was some kind of a controver-

sy existing between U. S. Gober and J. L. Cooper and plaintiffs with reference to the deal; that on the night before said deal was finally closed in Canyon City, Swepston went to Canyon with McMurtry to assist in closing it; that J. L. Cooper was also there at that time; that McAfee saw Swepston there with McMurtry and was informed by McMurtry that Swepston was there closing up the deal; that McAfee purposely evaded Swepston to prevent the latter from mentioning the matter of his interest in the commissions, and that McAfee was not a bona fide purchaser of the note in question. There is further evidence tending to sustain the finding of the court in appellees' favor upon the issue of conspiracy. This being the state of the record it is unnecessary for us to consider in detail the numerous assignments upon which the controversy is presented.

Based upon the court's findings of facts the judgment is correct, and since there is evidence in the record sufficient to sustain the findings, the judgment is affirmed.